Good morning, and may it please the court, Christopher Passage with McGuire Woods on behalf of defendant appellant Amber Heard, and I'd like to reserve two minutes for rebuttal. Okay, counsel, keep track of your own time, please. Thank you. Thank you. Northern Insurance v. Allied Mutual sets the stage for this entire appeal. Standing on its own, this court's opinion in Northern more than 30 years ago, it is dispositive of the independent counsel analysis that this court should conduct under Section 2860. Under Northern, and considering the factual allegations in light most favorable to Ms. Heard, the district court's order must be reversed for three reasons. First, California has a strong interest in seeing California insurance coverage law and Section 2860 applied to protect California insurance and the rights of parties to California insurance contracts negotiated and executed here. Second, in light of Ms. Heard's well-planned allegations and New York Marine's admissions in this litigation, New York Marine's reservation of rights was a reservation as to insurance code Section 533. And third, because Ms. Heard's alleged conduct could be characterized as intentional in the death litigation, and because Ms. Heard's ability to obtain coverage turned on the characterization of that. In that action, New York Marine's reservation on Section 533 triggered Ms. Heard's right to independent counsel under Section 2860. Okay. Let me just ask a couple preliminary questions, so I'm sure I have the dramatist person's eyes straight in this case. To whom, I take it you're claiming that your client paid money to counsel that Marines should pay her. That's the only issue in this case? Correct. You're not worried about indemnification for the judgment because that was taken care of? This case solely deals with defense. That's right. So what we're dealing is with the defense costs. To which of the very many firms in the case was this money paid? By Ms. Heard? By Ms. Heard. By Ms. Heard. There were several different firms that was paid. It was multiple different costs, multiple different... Tell me the firms to whom it was paid. I don't care what amounts. I don't have the names before me in the record right here. Well, see, I'm trying to straighten out your claim in this case. As I understand it, there was a period of time when Ms. Heard was represented by two sets of counsel. Yes, that's correct.  That's correct. By Cameron McElvoy and then the various counsel hired by travelers. Correct. So she couldn't have incurred costs because of the absence of second counsel during that time period for which you claim reimbursement, can she? So the problem is, Your Honor, is that not all of her costs were incurred. Travelers didn't pay fully for all of her costs. No, I understand. I understand. With respect to at least, at some point in time when she's got two counsels. So you're not complaining about absence of independent counsel in that period. What you're complaining about is that travelers only agreed to pay half her costs. So we're complaining about the absence of independent counsel vis-a-vis New York Marine. And it's both those things. Well, but why aren't the counsel that travelers appointed independent counsel vis-a-vis New York Marine? Because travelers specifically granted them the ability to have independent counsel. So travelers, when it reserved its rights, did put forth a reservation of rights as to 533. That may mean that the counsel that travelers appointed had conflicts under your view of the law vis-a-vis travelers. But I don't see how those lawyers had any conflicts vis-a-vis New York Marine. So when New York Marine ended up presenting, when New York Marine responded to Ms. Hurd's tender, that's when it's provided as a reservation of rights under? I understand all that. Tell me how, tell me how the Kaplan firm and later, is it the Charleston firm, Charles, how they, how those lawyers had any conflicts at all in representing Ms. Hurd vis-a-vis New York Marine? Vis-a-vis New York Marine, that reservation of rights still triggered that conflict. Well, you say it triggered it, and we can get into whether it triggered it automatically or not. I just want you to tell me what their conflict of interest was vis-a-vis New York Marine. The conflict of interest deals with the tripartite system. So with respect to the underlying counsel, they had to represent both Ms. Hurd and travelers in the underlying litigation. Right. And I understand how you might have a claim against travelers for appointing people that have dual interests. I'm trying to figure out why those, the case was tried after McEvoy left the firm. Correct. By the firm, by the people travelers appointed. And I'm trying to figure out why you think that any of those people posed a conflict of interest vis-a-vis the interests of New York Marine. Those, after that point in time, there was no conflict of interest because Ms. Hurd had independence in that counsel. So therefore, she was not entitled to another set of lawyers once travelers had brought in somebody who had no conflict vis-a-vis New York Marine. Isn't that correct? Well, the problem is that conflict still exists vis-a-vis New York Marine. But you're not answering my question. Your complaint in this case is I should have had another lawyer who didn't have a conflict vis-a-vis New York Marine. Whether the premise is right, I'll give up after this and my colleagues can explore. But it seems to me that from the beginning of the case, you did have a lawyer with no conflict vis-a-vis New York Marine. Now, you may have a complaint that New York Marine was supposed to pay half the costs of them. That, you know, I understand that. But I don't understand your conflict argument. You were always represented, you, Ms. Hurd, was always represented by a lawyer who had no relationship to New York Marine at all and wasn't being paid by New York Marine. So where is the conflict that triggers cumulus? So when we have, so I'll start with respect to the first part, the point in time prior to New York Marine's involvement in the case. Because then you have travelers. They're the one who are providing counsel. They're paying the defense costs up to that point. And everything is fine through that point in time. Right. The problem is when New York Marine inserts itself and provides that reservation there, and obviously we'll have a discussion about whether or not that's a reservation under 533. When they provide that reservation, that is what creates the potential conflict there. Yeah, but you're saying it creates a potential conflict. And I think the question is, what is the actual conflict? I misspoke. It does create an actual conflict there, Your Honor. And the reason is, it is the insertion of the coverage issue and the crossover between that with the coverage issue and the underlying litigation. But let me try it one more time. It was just a generic reservation. That doesn't create a conflict under California law. Your Honor, at the pleading stage where we are at right now, there is evidence that that does create a specific reservation of rights that does create a conflict. And there are two reasons for that in our briefing and in what we have before the Court today. Well, let me try one more time. Okay. Because this is an important point for me, and you still haven't quite answered my question, I think. Let's assume there was a conflict, and it triggered the right to have independent counsel appointed. Travelers provided you with counsel independent of New York Marine, correct? Correct. So you had independent counsel. Now, you may have a complaint that New York Marine was somehow obligated to step up and cover the part of their bills that travelers wouldn't have to cover. Put that aside for a second. I still don't understand. There doesn't seem to be any point in this case in which your client was deprived of counsel independent of New York Marine. Deprived of counsel entirely? No. Or any. I mean, there was no lawyer. There was no point in this case where your client was not represented by at least one firm completely independent of New York Marine, correct? That's correct. So what's the problem? The problem is that Ms. Hurd is entitled to a defense between both. What do you mean between both? Ms. Hurd is entitled to a defense from Travelers. Ms. Hurd is entitled to a defense from New York Marine. And just because she got a defense from Travelers, which wasn't a complete defense of everything that she had paid in the case, it doesn't obviate New York Marine's obligations under California law to provide the defense. She's entitled to two lawyers, two defenses? Is that what you're telling us? No. She's entitled to one full defense. And she has not obtained all of her fees that she incurred in the death litigation. But she's not suing Travelers, right? I'm sorry? She's not suing Travelers? That is correct. So for Park Travelers, the person owes the money, under your theory? No, because Travelers, what Travelers did in this case, and what New York Marine did not do, is Travelers issued a reservation specific as to intentional conduct. And then when they did that, agreed to appointment of independent counsel. And that is what New York Marine did not do. If New York Marine had paid the other half of the bill for independent counsel, you would not be here, correct? If New York Marine had paid all of its fees, we'd not be here because it wouldn't be a  No, no, no, don't you stop. Answer the question I ask, not the one you'd like me to ask. If New York Marine had paid all the, together with Travelers, had satisfied Travelers' counsel's bills, you would not be here, correct? Correct. We'd have no... Okay. So your complaint is not about the absence of independent counsel. Your complaint is about New York Marine's failure to reimburse your client for the amount of money she was out of pocket with respect to the people Travelers complained, right? Yes.  Yes. Okay. So tell me why then New York Marine was obligated to pay that portion of the bill. New York Marine was obligated to pay that portion of the bill in light of the conflict that they raised. And the reason for that is because when they raised that reservation of rights, they triggered a duty to basically remove themselves and provide independent counsel to misheard under Section 20. So now we get back to Judge Parker's question, which I'm interested in. Yes. Does the reservation of rights, a general reservation of rights in and of itself automatically trigger an obligation to pay for independent counsel? A general reservation of rights? No. This case was not a general reservation of rights. And the reason why it was not a general reservation of rights is the two things that we raised in our briefing. First, on motion to dismiss standard, we have the allegation that that was a specific reservation of rights. And it references the reservation in... It still sounds like what you're saying is that there's a per se conflict once that there was a reservation of rights, not that you're describing what the actual conflict is. So let me take you a step further. If we find that New York Marine owed no duty to provide independent counsel under California law, then can your breach of contract claim survive? They owed no duty to provide independent counsel? Then no, we wouldn't have a claim. But the issue here with the reservation, and if I may return to that briefly, is that with respect to the pleadings, the allegations in Ms. Hurd's counterclaim, the first thing is that there was an indication that it was a reservation as 533 made in October 2019. And that persisted until Cameron McNeil was not there. How were you harmed by the reservation in this case? At the end of the day, you're not complaining about their reservation was, we'll provide you with a defense, but we're not sure we'll indemnify you for the judgment. You're not complaining about lack of indemnification for the judgment. So the reservation, it seems to me in this case, couldn't have injured your client. I can actually give you a specific example as to some, as to a way in which it could have injured the client, had there been specific counsel directed by New York Marine here in this case. One of the examples that QMIS actually points out is the potential for defense counsel to control a special verdict form, for example. So the way it's described, how you describe the elements. Oh no, I understand potentially how it might prejudice your client. The problem is that as I understand it, the record's not entirely clear on this, but you're not complaining about the judgment not being settled and paid off. And so the damage that might've resulted to you from a reservation of rights by New York Marine was that, we'll defend you, but we won't pay off the judgment. But the judgment has been paid. So what's your damage from the reservation of rights? The damages in terms of the ability to control the defense, they can actually control- It doesn't matter. I mean, whether you controlled it or not, your client has no liability resulting from the defense, except the payment of these fees. So I understand your argument that somehow they should have paid the fees, although it doesn't seem to be the argument you developed below or in front of us. But I don't understand the argument that she was somehow damaged by this reservation of right, because the only reservation was not to pay off the judgment and the judgment's been paid off by somebody else. But that reservation is what triggers under California law, under CUMAS, the ability to  Let me assume you're right about that. I don't think you are, but let me assume you're right about that. What was your damage from the reservation? The damages or the damage? Because the damages were the actual fees there. But the damages were, I take it, because they refused to cover the other half of the bill. Travelers said, we'll cover only part of the bill for these lawyers. And we think New York Marine should cover the rest. New York Marine won that lawsuit. But the damage is that travelers only paid for half of it, right? The damage is not the reservation of right. The damage in this case is that you think New York Marine should have covered the other half of the fees, correct? Yeah, they should have covered the outstanding fees. Yeah, the outstanding. Maybe it's half or whatever now. And so, good, okay. If Virginia conflict principles or the relevant principles, can you prevail? If we're applying Virginia law as opposed to California for conflicts? Correct. No, if it's under California law, that is the methodology by which Ms. Hurd prevails in this case. This is a $600,000 case. And remind me, the $600,000, is that correct? That is not correct. Obviously, we don't have the record of specific invoices and total costs here before us. But it is a pretty substantial amount of costs that have not been yet repaid. Sorry? It is a fairly substantial number of costs that have not yet been repaid in this case. So what's the number? It's in the millions, Your Honor, by our calculations. Where did you get the number? By summing up all of the invoices that we have. You're her lawyer. It's not in the record. You might as well tell us. No, it's through summation of the total amounts of the invoices that have not been repaid. But they're invoices from whom? Which firm? From multiple firms. Which multiple firms? There's only three firms in the case. So tell us which firms they're from. I don't have the names of those firms. They can't be from the McEvoy firm, correct? Well, no. The McEvoy firm was paid for a portion of it. But I believe it was only things other than the McEvoy firm. Because you weren't entitled to have stuff reimbursed before you tendered the case. Correct. And the moment you tendered the case, you had two sets of lawyers. Yes. Okay. So it was either the Kaplan firm or the Charleston firm. The Kaplan firm was there only briefly. Does she owe money to the Kaplan firm? I believe she's paid money to the Kaplan firm. She's seeking reimbursement for money paid to the Kaplan firm. And the bulk of it, however, is the Charleston firm? I believe that's correct.  Sorry. I'm not sure if there was an additional question pending. No, no. None.  Returning to the 533 point briefly, Your Honor, and the concern about control of defense in this case, there was a way in which you had defense counsel who controlled the case that may not be independent that would result in the conflict between Ms. Hurd. But I'm still talking about indemnification. You're missing me here. There's only two possibilities. Maybe she had another set of counsel and would have won, in which case she would have had no personal liability. Or with another set of counsel, she still would have lost, and there would have been a judgment to be paid. It was paid. So I'm still trying to figure out how this conflict of interest led to any monetary loss on your client's behalf, other than paying for, let's say, the Charleston firm. It's only the defense costs. That's the only thing that would have resulted in loss on the client. So the conflict itself, it wouldn't matter in this case if you had independent counsel. You'd still be out of pocket for paying for them, given the arrangement that New York Marine and Travelers had. Ms. Hurd would be out of pocket regardless of what the outcome would be. Your argument is really that New York Marine had the obligation to pay for the part of counsel's fees that Travelers didn't pay for.  Yes. Okay. Would you like to reserve the balance of your time? Yes, I'll reserve the balance of time. Thank you, Your Honor. Good morning, Your Honor. Cheryl Lohr on behalf of New York Marine. I'd like to clarify a couple of things for the court's edification. The claim by Amber Hurd is for about $4.4 million and this delta between what was reimbursed by Travelers and what she paid her independent counsel. And I believe that we submitted that in our supplemental excerpts of record and it should be within the Rule 26 disclosure by Hurd's counsel that we attach to one of the documents. But we're on a motion to dismiss here. So can we look at all that? Well, we attached it as part of the motion to dismiss. Yes, but the judge didn't. He didn't transform it into a Rule 56 motion. He ruled on a basis of law. So I'm not sure that that stuff is... Well, I'm just wanting to clarify. It is in the record because it was presented in opposition to the motion to dismiss New York General's, New York Marine's first amended complaint. So what is that total amount that you're referencing that issue? This is the $4.4 million is the delta between what Travelers reimbursed Hurd for her independent counsel fees for all of the independent counsel she had in representing her in the Depp lawsuit. The $600,000 figure that we referenced is a different amount. That's the amount that Travelers... I'm sorry, that we paid Travelers to represent 50% of the share... Are you saying that the difference between $4.4 million and $600,000 is the amount that is being sought in reimbursement in this lawsuit? No. Travelers... In the Travelers case, Travelers was seeking some amount. It wasn't expressed. In our cross-complaint or counterclaim in the Travelers case, we asserted that we had paid over $600,000 to Travelers as a 50% share of the independent counsel fees for some period of time at that point during that period of time of the defense. So they're claiming that she was out of pocket some amount more than that $600,000. Right. But this $600,000 was just a 50% share of what Travelers had already paid. Now, what Travelers paid, the total amount that Travelers paid was probably in the... It's alleged to be $5 million. But this 4.4 is above the 5.4.  Let me ask you the question that troubles me from your side of the case. You undertook... Put aside independent counsel for a moment. You undertook to defend Herd, New York Marine, correct? Correct. Under a reservation of rights. And when you undertook to defend Herd, that meant you would pay for a lawyer. Put aside whether you had to pay for two. At some point, the lawyer that you were paying withdrew. And now she had another lawyer hired by Travelers. Why didn't you have the obligation to pay the fees for that lawyer since you had the obligation, having undertaken the defense, to provide her with a lawyer? Well, first of all, when Herd retained her counsel, Mr. McAvoy, she retained Mr. McAvoy. I understand. You retained Mr. McAvoy when the case was tendered. No, we just agreed that he could continue to represent her. He had been retained before by Herd. And they're not complaining about your failure to pay him. Now, at that point, they said, when we issue the reservation, it's a general reservation, all we said is, we may not indemnify you. We may not. Then, at this point, Travelers had already assumed the defense. Same time you... Before. Okay? So Travelers then assumed the defense. At that point in time, the insurer does not have an obligation or a right to a further or second defense. I'm fine with that. Okay. You're missing my question. At some point in time, McAvoy withdraws. Correct. She only has one lawyer. Correct. That's independent counsel. Independent counsel is just... You guys should stop using that term. I mean, they're not independent of anyone, but forget that. She has a lawyer. She has a lawyer. It's either Kaplan for a little while or the Charlestons.  I'm trying to figure out why, having undertaken her defense, you don't have the obligation to make sure she has a lawyer. And once you undertake that obligation, why aren't you required to, together with Travelers, cover all of that lawyer's fees? Well, under 2860F, there's a limitation. When an insurance company is forced to appoint independent counsel, the limitation in 2860F is that you will only pay the amount that you normally pay your panel defense counsel. And so, in any 2860 case, the insurance company... But that's not the affirmative. That's not the way the... I'd understand if the district court said,  the 600,000 bucks that you tendered was completely discharged or obligation. But the district court didn't say that. The district court said you had no obligation to pay for second counsel.  And I can't figure out why, at least, you don't have the obligation, having undertaken her defense, to make sure that counsel are paid. Okay. I just think that we need to separate out... There are two different questions. We moved to dismiss on two different bases. One, that the reservation of rights didn't create the right to independent counsel. I understand that. And a second argument, under 2860, and the San Gabriel Water case, that said, she does not have standing to seek this delta amount. But the district court didn't rule on that basis. The district court did not rule on that. But you all may, as an alternative... Is that argument in your briefs? It is in our briefs. And you may rule on that because that's a pure issue of law. 2860-F says that panel counsel rate limitation is all that you are entitled to. But, can we tell from this record on a motion to dismiss, assuming you're right, that you paid ordinary and reasonable fees? That's the traveler's piece of it. I understand. And I understand there's a previous litigation I want to look at it. But I still want you to answer my question and put aside whether or not you've already paid the fees that you're supposed to to traveler's counsel. You do agree that you had an obligation to make sure during this litigation that she was represented by counsel. And she was. Okay. So, what you're saying is we may have also had an obligation to pay that counsel, but we discharged it by paying that counsel the $600,000. And then, if the only person who can complain about that under California law is travelers. If they didn't get there, 50%... Here's my problem with it. You're relying on travelers to provide her with counsel. You have an obligation to provide her with counsel. And she was represented. And you're relying on the counsel that travelers appointed, but you're saying,  if travelers won't pay for that counsel, we don't have any obligation to either. And that's my difficulty with the case. But travelers did pay for that counsel. And she admits in paragraphs 25 and 26 of her counterclaim that she received a defense from travelers. Once you receive a defense from travelers under 2860, you do not have a right to a second defense from any other insurance carrier. We're missing each other. And it's probably my fault. But, so, because I think it's my fault, let me try again. Okay. You agree that, typically, in a case, when you agree to defend someone, they get a free defense from you. If they... Except panel counsel. Don't worry about this case. Normal run-of-the-mill case, you say, we agree to defend you. You pay the lawyer, right? If it's appointed defense counsel. Yeah.  Appointed defense counsel. And the insurer doesn't pay anything. Insurer doesn't pay anything. But in a 2860 case, that doesn't happen. My difficulty is that there's not two sets of lawyers here. There's only one set. After McEvoy leaves, there's only one set of lawyers. Correct. That's why I think talking about independent and second counsel in this case doesn't make any sense. There was a set of lawyers. You were relying on that set of lawyers to discharge your obligation to defend her. I understand that. And I kind of think you're probably right. You didn't need to go out and find another set. I'm just figuring out why you didn't have to make sure that she didn't incur a financial obligation to be defended under a policy under which you agreed to defend her. And the key to that is this 2860F limitation. This is fully recognized under California law that when there is a reservation of rights and it implicates the right to, I'll call it independent counsel because that's what the cases call it. You are only allowed to receive reimbursement for the panel counsel rate up to that cap. And no matter how many insurance companies also insure you, you are not entitled to get more than that. That's the San Gabriel Water case. And we cited these cases at pages 65 and 66 of our brief. And this was argued in the trial court in the motion.  on that basis. It was not decided but it is the key to answering your question because this is wrote law that when an insurance company accepts the defense of an insured and there are multiple other insurance companies out there that may owe a defense, the insurance company that steps up and assumes the defense under 2860, that insurance company then has the right to seek contribution from the other insurance companies for what they pay to the insured. Let me ask you a question about the previous litigation between you and Travelers, for which she's not bound obviously. Was that the reason?  that previous litigation seems to also have been decided on the same basis that Judge Wu decided this case which he said there was no obligation to appoint a defense. Right. That's how the court decided that case. But he didn't decide it on this basis. He decided, he did not decide it on this basis but that would not have prevented Travelers from seeking recovery. There's no other case out there resolving this issue. Because we cite the case as the Ringler and Associates case is a perfect example. That's a case where an insurance company has a duty to defend, another insurance company has a duty to defend, one accepts and then the other cannot be sued for breach of contract or bad faith like Hurd has sued here because she's already receiving the defense. She's already receiving the peace of mind and she's only entitled to a single defense from one insurance carrier. She has no say  or standing to seek any bad faith. But you see this gets back to my original question. I'm not doubting that she's entitled to more than one defense but it seems to me she's entitled to a free defense. No. Not under 2860. I understand you know how whenever 2860 does but at the end of the day she didn't get a free defense. And that's the thing is 2860 allows you to have independent counsel but does not impose on the insurance company. The issue is that that provision caps the amount that can be paid to the insurer. It does. And then after once the one defending insurer has accepted the defense travelers the right to seek recovery for those defense fees has shifted now in terms of equity to the defending insurer. The insurer does not have any breach of contract or bad faith claims against the insurance company that has not accepted under 2860.  didn't reach that issue? The court did not reach that issue. I say that this is all a tempest in a teapot because that is the legal issue that determines that she has no standing. But the cases that deal with this all deal with fights between the two insurers. My quick look at them suggests they're not cases where the  is saying I got stuck with the  When you say only the two insurers have standing that's because in most cases nobody bills the insured for the Delta. No this is exactly the San Gabriel Water case. In the San  Water case the insured had multiple insurance companies that were supposedly obligated to defend and they said well 2860 only caps what one insurance company owes me. Can you point me to the language that you're referring to in 2860 that essentially deprives the defendant in this case Amber Heard with the right of action to seek the reimbursement of fees and that I think what you're saying is that only Travelers now has standing to seek reimbursement. Where is that? I don't have the full language in front of me it is 2860 subdivision F and we cited on page 65 the cases that say that once one insurer assumes the defense cost the right to sue the other. I'm looking at subsection F and it doesn't say I mean I understand your argument and I think that you are reading perhaps into subsection F this shift in terms of who now carries the right of action but it doesn't say anything about who can bring the claim or that only Travelers has the right to bring the  once there is a dispute on the coverage that doesn't come from 2860 F 2860 F is the cap or the limitation on panel counsel rates that the insured does not receive the full let's assume we agree with you there but the other point you're making is a different argument and I think you would need us to reach that argument in order for us to rule alternatively on 2860 I will refer you to the case of the  Bay case the Ringler Associates case that's the greatest case that says that the second insured refusal can you give me the site of both of those cases please sure it's Emerald Bay is 130 Cal Op 4th 1078 the  language is at 1088 and 1089 and the Ringler Associates case is 80 Cal Op 4th and the pertinent language appears at 1187 1188 and 1093 I'm going to ask you to say both of those sites again oh I'm sorry I spoke too quickly it would be helpful to I think the again the Horace Mann case is another case that says the failure of one insurer to defend is of no consequence to an insured whose representation is already provided by another insurer so that's why I was asking the question to me this case comes down in the end to whether or not you had an obligation to cover the extra conflicts of interest because at the end of the day they didn't hurt her she got indemnified she didn't get indemnified you might be in trouble but I'm still trying to figure out why she's not entitled to a free defense is it traveler's problem not yours an insured is entitled to a  and if the insurer appoints defense counsel it will be free because they appoint their panel counsel and they pay panel counsel who agree to accept the lower rate so is the problem here that that the charleston firm didn't agree to accept the lower rate 2860 it actually  the panel counsel rate and it caps it for all defending insurers how did these millions and millions of dollars in unpaid fees get run up who ran them who performed the services and who wasn't paid amber the  law firms that represented her after mack those two firms i don't have their names in front of me those two firms who represented her after that this fellow he withdrew in november of 1920 after he withdrew and it came   that what travelers should have done when it contracted with these new firms as independent counsel was to remind them that they were limited to a panel cap well they did agree to a cap at some point there are some allegations i don't want to go too far field but there are allegations in the consolidated action the travelers case that talk about what the arrangement was between travelers and these independent counsel firms that heard wanted to have her defend her but the point is that they only agreed to they didn't agree to the hourly rate  rule was imposed not by negotiation or by consent but by 2860 so there wasn't anything to talk about no if i misled you and i misspoke i'm sorry the rule is that yes an insured can have independent counsel but it will only get reimbursed by the defending insurer up to the panel counsel rate specified in 2860 the new insurer can't keep the meter running day and night no the defense counsel have to make an  with the  that the insured will then pay the difference between what their hourly rate is and what the cap is that travelers are going to pay did that happen here she obviously assumed that responsibility because now she wants to recover that delta i think you're saying she obviously assumed the responsibility but maybe what you mean is that that negotiation or that  was never achieved maybe she assumed it well i assume that she agreed to pay defense counsel the  between what the understanding that she was going to get reimbursed for it no that's not how 2860 works that is obviously her understanding otherwise we wouldn't be here today with her claim seeking reimbursement for that amount well i would submit your honor that in such a situation that where the defense is being provided under 2860 and case law under 2860 is clear since 2860 was enacted but  california law applies you're arguing california at least one of your arguments is california law doesn't apply but her counsel would you want california law to apply vis-a-vis 2860 but not vis-a-vis the no i'm happy that 2860 applies because i believe the 2860 f rate limitation and the san gabriel case says that a california insured can never expect to have more than a panel counsel rate when she hires independent counsel she gets independent counsel but she has to pay for the difference if she doesn't want panel counsel okay counsel i'm    as plaintiff wished it to be applied and then determined that this generic reservation did not create the right to  counsel i want to note that the key flaw here is that amber heard never showed how there could be an actual conflict how this defense by the virginia defense attorney could in any way be in the interest of the insurance company okay thank you thank you counsel i think you have almost three minutes thank you i'll briefly respond to a few of the arguments raised by new  marines counsel first of all with respect to the case law cited i would like to point the court to another case that was cited by new york marines are you talking about the 2860 issue correct correct and a few cases one of which was the san gabriel case the case they cited was the mga case which talked about how when there's not insured not defending under 2860 they shouldn't get a windfall of that rate that might otherwise apply under 2860 with respect to the insured acknowledges that was protected having to pay any of its own costs as opposed to misheard who was not offered a similar protection and in  bay the parties agreed there were no other damages available in that case did your client have a contract with the firms did she retain those firms she retained those firms did she make an agreement where she agreed to pay the difference between the cap provided for 2860 and the fees incurred I'm not sure if          rates and they're entitled to a different rate under 2860 insurer that does not follow the obligations of 2860 did not have a                            contract  the firms that she retained those firms did she make an       make an agreement with  insurer that      2860 did she      did not follow the obligations of 2860 did not have a contract with the firms that she retained those firms did she make an agreement with insurer that she did not have a   2860 did she  agreement with insurer             insurer that   she
judges: Parker, HURWITZ, DESAI